# NO. 12-19-00086-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID EUGENE FORD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

David Eugene Ford, acting pro se, filed this original proceeding in which he seeks an order requiring Respondent to (1) compel Relator's trial counsel to comply with a court order signed on December 26, 2018, and provide an affidavit regarding the claims of ineffective assistance of counsel alleged in his application for writ of habeas corpus; and (2) grant Relator's application for writ of habeas corpus.[1]

On March 7, 2019, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rule of Appellate Procedure 52.3(a)-(g) and (k) and Rule 52.7. The notice further informed Relator that his petition would be referred to the Court for dismissal unless he provided an amended petition and the record on or before March 18, 2019. The deadline has passed and Relator has not filed a mandamus record or amended petition with this Court.

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. This entails filing a petition that includes the identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, issues presented, a statement of facts, and an appendix. TEX. R. APP. P. 52.3(a)-(g), (k). Relator's petition does not comply with these requirements.

---

[1] Respondent is the Honorable Christi J. Kennedy, Judge of the 114th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

Moreover, Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.—Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide the record in accordance with Rule 52.7. Absent a record, this Court cannot determine whether Relator is entitled to mandamus relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication).

Accordingly, because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. We, therefore, ***deny*** his petition for writ of mandamus.

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-19-00086-CR**

**DAVID EUGENE FORD,**
Relator
V.

**HON. CHRISTI J., KENNEDY,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Eugene Ford; who is the relator in Cause No. 12-19-00086-CR and defendant in trial court cause number 114-1281-12-A, on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on March 7, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3